UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IEASHA R. WARFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 1:24-cv-00180-HAB |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWN L. RANKIN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff, Ieasha Warfield, proceeding pro se, sued Defendant, Shawn Rankin, alleging that Defendant sexually assaulted and stole from her while she was still a minor. (ECF No. 1). She seeks leave of Court to proceed without prepayment of the filing fee. (ECF No. 2). Yet this Court must first assure itself that it has jurisdiction to adjudicate the dispute. Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's Complaint is deficient, but the Court will allow her an opportunity to properly plead subject matter jurisdiction.

This Court must have jurisdiction to hear Plaintiff's controversy. To proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not met this burden from the face of the Complaint. (ECF No. 1).

To start, there is no diversity jurisdiction here. Under 28 U.S.C. § 1332(a), the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. Said slightly differently, a plaintiff must establish that each defendant is a citizen of a state different from the

plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. Plaintiff's Complaint provides that she and Defendant are both citizens of Indiana. Plaintiff cannot establish diversity of citizenship if all parties are citizens of the same state.

Absent diversity jurisdiction, Plaintiff must establish federal question jurisdiction. Under 28 U.S.C. § 1331, Plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." Said differently, Plaintiff's claim must arise under federal law. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331.

Plaintiff's Complaint (ECF No. 1) does not appear to state a claim under federal civil rights laws, nor any other federal law. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The "state actor" predicate to Section 1983 liability must be satisfied for this claim to proceed against each defendant. Plaintiff has sued what appears to be a private citizen, not a state actor, which means she would have no relief under Section 1983. Based on a fair and liberal reading of the Complaint, Plaintiff's claims appear to arise exclusively from state law.

That said, the Court will give Plaintiff the benefit of the doubt and afford her the opportunity to establish federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint that adequately establishes federal question jurisdiction. The Court also cautions Plaintiff that if she fails to do so, the Court will dismiss her case without further notice.

For these reasons, the Court:

(1) AFFORDS Plaintiff thirty (30) days from the date of this Order to file an amended complaint that adequately establishes federal question jurisdiction;

(2) TAKES Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) under advisement pending Plaintiff's compliance with this Order; and

(3) CAUTIONS Plaintiff that if she does not file an amended complaint which establishes federal question jurisdiction within thirty (30) days, this Court will dismiss the case without further notice.

So ORDERED on May 9, 2024.

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT